UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ETHAN HOLSON and MELISSA W. ERDMAN,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and FRED MEYER STORES, INC.,<br><br>Defendants. | CASE NO. C17-1439-MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFFS' MOTION TO WITHDRAW OR AMEND ADMISSIONS |

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment and Motion to Strike (Dkt. Nos. 11, 20) and Plaintiffs' Motion to Withdraw or Amend Deemed Admissions (Dkt. No. 18). Having reviewed the Motions, the Responses (Dkt. Nos. 14, 21), the Replies (Dkt. Nos. 20, 21) and all related papers, the Court GRANTS the Motion for Summary Judgment, GRANTS the Motion to Strike, and DENIES the Motion to Withdraw or Amend Deemed Admissions.

**Background**

Plaintiffs Ethan Holson and Melissa W. Erdman filed this action against Defendants the Kroger Company and Fred Meyer Stores, Inc. after a boat belonging to them (the "Wanderbird") was damaged by fire. (See Dkt. No. 1, Ex. B.) At the time of the fire, the Wanderbird was dry-docked at the Canal Boatyard in Seattle, Washington. (Dkt. No. 12, Ex. A at 30:17-23.) Sometime in the early morning hours of July 9, 2014, the fire started in a landscaped area of the parking lot of a Fred Meyer store on Northwest 45th Street (the "Fred Meyer"), adjacent to the Canal Boatyard, and only feet from the Wanderbird. (Dkt. No. 12, Ex. C.) The Seattle Fire Department extinguished the fire around 4:00 AM, but could not determine its exact cause. (Id.) When the fire started, whether it was intentional or unintentional, and whether it was caused by a match, a lighter, a cigarette, an electrical box, or another source, remain unknown. (Id.)

Plaintiffs claim that the trees along the fence line between the Fred Meyer and the Canal Boatyard were dry and there was an accumulation of combustible materials including pine needles, leaves, trash, and debris. (Dkt. No. 12, Ex. B at 32:2-17.) Plaintiffs claim it had not rained for approximately one month, and was "hot, hot, hot." (Dkt. No. 12, Ex. A at 69:13-14.) On July 8, 2018, Mr. Holson spent the day working on the Wanderbird. (Dkt. No. 12, Ex. A at 67:2-68:14.) As he worked, he noticed a "burning or smoldering" smell. (Id. at 25:13-26:6.) While Mr. Holson, Ms. Erdman, and others at the boatyard searched the property to determine where the smell was coming from, they could not locate its source and did not notify Fred Meyer or other nearby businesses. (Id. at 71:2-13; Ex. B at 25:13-27:4.)

**Discussion**

I. **Plaintiffs' Motion to Withdraw Deemed Admissions**

Plaintiffs filed this case in King County Superior Court in June 2017 and Defendants removed in September 2017. (Dkt. No. 1, Ex. A.) In December 2017, the Court issued an order setting trial and related dates. (Dkt. No. 10.) The discovery deadline was set for July 13, 2018, with dispositive motions due on August 13. (Id.) On March 16, Defendants propounded their First Set of Requests for Admissions. (Dkt. No. 21 at 2.) Plaintiffs' responses were due on April 16. (Id.) On April 15, Plaintiffs' counsel requested, and Defendants agreed to, an extension until April 23. (Id.) On April 27, Plaintiffs submitted unsigned and unverified responses via email. (Id.) Plaintiffs did not offer any justification for the delay, and never responded when Defendants noted that the responses were untimely and that "[Defendants] take the position that all responses have been deemed admitted." (Id.) On September 6, long after the close of discovery and the deadline for dispositive motions, Plaintiffs filed a motion to withdraw or amend their deemed admissions. (Dkt. No. 18.) Plaintiffs' motion provides no explanation for their failure to respond or their delay in seeking relief, and does not even attempt to establish good cause for their request. Therefore, the Court DENIES the motion and deems Defendants' First Request for Admissions admitted pursuant to Fed. R. Civ. P. 36(a)(3).

II. **Defendants' Motion to Strike**

Defendants move to strike all records from Full Circle Landscaping (Dkt. No. 15, Exs. E, H, I, J, and K) and all references to Mr. Holson's belief that the fire was started by the homeless population. (Dkt. No. 14 at 10.)

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication

is a condition precedent to admissibility, and this condition is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. (citing Fed. R. Evid. 901(a)). Additionally, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); see also Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1063 (9th Cir. 2012) ("Declarations must be made with personal knowledge; declarations not based on personal knowledge are inadmissible and cannot raise a genuine issue of material fact."). The Court finds that the records from Full Circle Landscaping are not properly authenticated, and that Mr. Holson's speculation concerning the source of the fire is not based upon personal knowledge.

Therefore, the Court GRANTS Defendants' Motion to Strike and does not consider the stricken evidence in its consideration of the Motion for Summary Judgment.

### III. Defendants' Motion for Summary Judgment

Plaintiffs contend that Defendants violated "applicable regulations in maintaining their property and reducing the risk of fire," including "permitting the fuel for the fire to accumulate over time," "adding to the fuel," and maintaining "highly combustible trees or shrubs planted near the fence line." (Dkt. No. 1, Ex. B at ¶ 3.4.) In particular, Plaintiffs contend that Defendants allowed dead plant material to accumulate, and thereby violated various provisions of the Seattle Municipal Code and the Seattle Fire Code. (Dkt. No. 11 at 5-6, 7.)

**A. Legal Standard**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant bears

the initial burden to demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine dispute over a material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986). On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

**B. Negligence**

To prove negligence, Plaintiffs must establish that (1) Defendants owed them a duty; (2) Defendants breached that duty; (3) Plaintiffs suffered a resulting injury; and (4) Defendants' breach of duty was the proximate cause of their injury. Hanson v. Friend, 118 Wn.2d 476, 479 (1992). "The existence of a duty is a threshold question. If there is no duty, [Plaintiffs] have no claim." Burg v. Shannon & Wilson, Inc., 110 Wn. App. 798, 804 (2002).

A duty may be predicated "on a violation of statute or of common law principles of negligence." Jackson v. City of Seattle, 158 Wn. App. 647, 652 (2010) (citation omitted). The Court finds that Plaintiffs have failed to establish that Defendants owed them a duty under the Seattle Municipal Code, the Seattle Fire Code, or the common law.

**(1) Seattle Municipal Code and Seattle Fire Code**

Municipal codes do not give rise to a duty unless they contain "language expressing a purpose to protect a particular class of persons" which includes the plaintiff. Id. at 654. Both the Seattle Municipal Code and the Seattle Fire Code contain language expressly disavowing such a purpose. The Seattle Municipal Code provides, in relevant part:

> It is expressly the purpose of Title 10 to provide for and promote the health, safety, and welfare of the general public, and not to create or otherwise establish or designate any particular class or group of persons who will or should be especially protected or benefited by the terms of Title 10.

Seattle Municipal Code §10.01.010B.

The Seattle Fire Code similarly provides, in relevant part:

> The express purpose of this code is to promote the health, safety, and welfare of the general public, and not to create or otherwise establish or designate any particular class or group of persons who will or should be especially protected or benefited by the terms of this code or ordinance.

2012 Seattle Fire Code § 101.3.

Because neither was intended to protect a particular class of persons, the Court finds that neither creates a duty upon which Plaintiffs may base their negligence claim. See Jackson, 158 Wn. App. at 654-55.

**(2) Common Law**

Under the common law, owners of private property generally owe a duty of reasonable care to adjacent property owners where they have "actual or constructive knowledge" of a "patent danger." Lewis v. Krussel, 101 Wn. App. 178, 186-87 (2000). In Prince v. Chehalis Savings & Loan Ass'n, 186 Wn. 372 (1936), the Washington Supreme Court imposed liability where a fire that started on the defendant's property spread to the adjacent property and burned his neighbor's house down. There, the defendant negligently had allowed his property "to get into such a state of disrepair that it created a fire hazard, and . . . the condition of the building was such that, if a fire did occur in it, it was reasonably probable that it would spread to the adjacent property." Id. at 373. Because there was evidence that the defendant "well knew" of the property's condition (e.g., grease and oil on the floor, accumulation of combustible material, etc.), the court found that "the negligence consistent in bringing about a condition which subjected the plaintiffs' property to a danger, which resulted in its destruction . . . and which danger was reasonably apparent to and should have been foreseen by a person of ordinary prudence." Id. at 376. Similarly, in Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Poarch,

292 F.2d 449 (9th Cir. 1961), the Ninth Circuit explained that liability could be imposed if (1) "the condition of appellant's buildings actually constituted a fire hazard" and (2) "there was reasonable cause for appellant to foresee and anticipate that because of such condition if a fire occurred it was reasonably probable that it would spread to appellee's premises . . ." Id. at 451. Because "there was ample evidence from which a jury could find that appellant knowingly allowed [his property] to fall into a state of disrepair," the jury's verdict was affirmed.

Here, while Plaintiffs contend that the trees along the fence line between the Fred Meyer and the Canal Boatyard were dry and that there was an accumulation of combustible materials including pine needles, leaves, trash, and debris (Dkt. No. 14 at 5), they have failed to set forth any evidence that Defendants either negligently allowed these conditions to exist, or that they knew or should have known that they constituted a fire hazard and failed to remove them. The Court finds that Plaintiffs have failed to establish that Defendants owed them a common law duty.

Because Plaintiffs have failed to establish that Defendants owed them a duty, they have therefore failed to establish an essential element of their negligence claim. Burg, 110 Wn. App. at 804. Therefore, the Court GRANTS Defendants' Motion for Summary Judgment.

**Conclusion**

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion for Summary Judgment; GRANTS Defendants' Motion to Strike; and DENIES Plaintiffs' Motion to Withdraw or Amend Deemed Admissions.

1 | The clerk is ordered to provide copies of this order to all counsel.

2 | Dated October 2, 2018.

*Marsha J. Pechman*
United States District Judge