| | |
|---|---|
| ETHAN HOLSON and MELISSA W. ERDMAN,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and FRED MEYER STORES, INC.,<br><br>Defendants. | CASE NO. C17-1439-MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THIS MATTER comes before the Court on Plaintiffs' Motion for Reconsideration (Dkt. No. 27) of the Court's October 2, 2018 Order Granting Defendants' Motion for Summary Judgment (Dkt. No. 25). Having reviewed the Motion and the related record, the Court DENIES the Motion.

Motions for reconsideration are disfavored and ordinarily will not be granted "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

ORDER DENYING MOTION FOR RECONSIDERATION - 1

1 | LCR 7(h)(1). Plaintiffs claim the Court (1) "overlooked or misapprehended" evidence including
2 | that there were cigarette butts in the landscaping along the fence line between the Fred Meyer
3 | and the Canal Boatyard, and that employees and tenants of Fred Meyer smoked there "all the
4 | time"; and (2) erred in failing to submit to the jury questions including whether Fred Meyer
5 | owed a duty to Plaintiffs. (Dkt. No. 27.) Contrary to Plaintiffs' contention, the Court did not
6 | overlook or misapprehend the evidence set forth in the Motion for Reconsideration (e.g., that the
7 | employees and customers of Fred Meyer smoked along the property line or left cigarette butts in
8 | the landscaping, that Fred Meyer allowed debris to accumulate along the property line). Instead,
9 | the Court considered this evidence insufficient to give rise to a duty under Prince v. Chehalis
10 | Savings & Loan Ass'n, 186 Wn. 372 (1936) or Chicago, Milwaukee, St. Paul & Pacific R.R. Co.
11 | v. Poarch, 292 F.2d 449 (9th Cir. 1961). In those cases, the defendants "*well knew*" of the
12 | existence of a fire hazard, Prince, 186 Wn. at 376 (emphasis added), and "there was ample
13 | evidence from which a jury could find that appellant *knowingly* allowed [his property] to fall into
14 | a state of disrepair," Poarch, 292 F.2d at 451 (emphasis added); see also Sourakli v. Kyriakos,
15 | Inc., 144 Wn. App. 501, 513 (2008) (explaining that in Prince, "the defendant *knew* of the
16 | hazardous condition on his property and allowed such a condition to exist even though the
17 | danger and fire hazard could have been removed with the exercise of ordinary and reasonable
18 | care."). Here, Plaintiffs offered no evidence that Fred Meyer had actual *or* constructive
19 | knowledge of the alleged fire hazard. To the contrary, Vung Nguyen, Store Director of the
20 | Ballard Fred Meyer, explained that he had no knowledge that employees and customers of Fred
21 | Meyer smoked along the property line or left cigarette butts in the landscaping, or was otherwise
22 | aware that the store's landscaping posed a fire hazard. (See Dkt. No. 13 at ¶ 3 ("The Ballard
23 | Fred Meyer did not allow their associates to smoke outside of the designated area [on the
24 |

opposite side of the store from where the fire started]. To my knowledge, Fred Meyer associates would not smoke in areas outside of the designated smoking area."); ¶ 7 ("I have never heard of any landscaping fires at a Fred Meyer property in my twenty years with Fred Meyer and I never received any reports of landscaping fires at any Fred Meyer property.").) On this record, no reasonable jury could find that Fred Meyer "knew" of the fire hazard such that it owed a duty to Plaintiffs.

Because Plaintiffs have failed to show manifest error in the Court's order or to raise any evidence which compels a different outcome, its Motion for Reconsideration is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 29, 2018.

Marsha J. Pechman
United States District Judge